## CONTINUATION OF APPLICATION FOR SEARCH WARRANT

1. I, Jeffery Nickols, am a Special Agent with the United States Department of Agriculture, Office of Inspector General (USDA-OIG), and have been duly employed in this position since March, 2008. Prior to this I was employed as a Special Agent with the United States Secret Service since July, 2001 and have experience and training in conducting various bank and access device fraud investigations.

2. As part of my duties as a USDA-OIG Special Agent, I conduct investigations of animal-fighting and animal-cruelty crimes. I have obtained and led the execution of numerous search warrants issued in the investigations of such crimes, and I have also received training in the investigation of drug-trafficking crimes, and have experience investigating those crimes, because it is not uncommon for persons involved in animal-fighting crimes to also be involved with the use and trafficking of controlled substances. The facts stated in this continuation are based on my personal knowledge, as well as information obtained from documents, electronic databases, witnesses, and other law enforcement agents involved in this investigation. Because submitted for the limited purpose of establishing probable cause to search, this continuation does not necessarily recite all of the details of the case known to me.

3. This continuation is submitted in support of the Government's application for a search warrant authorizing the examination of a cellphone seized from CHARLES MILLER during the execution of a state search warrant on 27 July 2017 at MILLER's residence, 1415 Lansing Ave., Lansing, Michigan. The state-issued search warrant authorized examination of the phone for evidence of dog-fighting offenses, and the requested warrant expands the Government's authority to search for evidence of drug-trafficking crimes. The phone is a **Samsung Galaxy J3 with MEID number 089070874402569045 and telephone number (517) 993-7105**, currently in the possession of Ingham County Animal Control ("MILLER's cellphone").

### Facts Establishing Probable Cause

4. On 27 July 2017, the 54-A Judicial District Court of Michigan issued a search warrant in Case No. 2017-31108 for the residence of CHARLES MILLER located at the address noted in paragraph 3. The warrant authorized the search for "Any and all electronic devices and media/information stored on electronic devices including cell phones, laptops, computers, and hard drive" for evidence of dog fighting and/or animal cruelty/neglect under Michigan law, including, but not limited to "magazines, photographs, films, videotapes, CD's, DVD's, or writings [ ] depict[ing] or promot[ing] dog fighting . . . . Registration papers or other written materials showing ownership of dogs or other dogs, including but not limited to, bills of sale, pedigrees, breeding records, and veterinary records. Any dog fighting records, including name and telephone number lists of persons suspected of being dog fighters. . . . Any rules, contracts or other written agreements concerning the fighting of dogs."

5. The search of the residence resulted in seizure of MILLER's cellphone, which was subsequently examined under the warrant. The Michigan State Police Computer Crimes Unit created a forensic copy of the data stored on MILLER's cellphone using a "Cellebrite" digital forensic device. However, some of the data stored on MILLER's cellphone, such as videos, images, and instant messages, was encrypted and could only be viewed through applications such

as "WhatsApp" and "Telegram" that were loaded on the phone itself. In this manner, an Ingham County Animal Control Officer examined encrypted content of MILLER's cellphone by manually opening the applications on the phone and taking "screen shot" photographs and making video recordings of dog-fighting evidence.

6. Data stored on MILLER's cellphone includes call logs, contacts, text messages, photographs, videos, and social media content (including messages and group chats) for the period from 8 December 2016 to 27 July 2017. The content includes numerous photographs of dogs, pedigrees, videos of dog fights, and discussions about dog fighting and do-it-yourself wound treatment for dogs. Some of the videos of dog fights that were sent to CHARLES MILLER via the WhatsApp application show dogs covered in blood. One shows a dog that is so exhausted that it cannot stand, as its handler stands by and allows another dog to continue attacking it. The phone also contained communications between CHARLES MILLER and others concerning dog fighting.

7. In addition to MILLER's cellphone, execution of the 27 July 2017 state search warrant resulted in seizure of the following evidence:

- **Dogs:** six Pit Bull dogs, one of which had scars consistent with organized dog fighting;

- **Dog-fighting equipment:** Dog-fighting paraphernalia and training equipment, videos of dog fighting, and written personal correspondence addressed to CHARLES MILLER discussing dog-fighting breeding, training, and competition;

- **Firearms and ammunition:** a Bersa, model Firestorm, 40-caliber semiautomatic pistol bearing Serial Number 530521 and loaded with ten rounds of ammunition; 9mm and .357 caliber ammunition; and an empty box for an SCCY Industries #CPX1CB 9mm pistol, along with a test-fired 9mm brass casing in a small manila envelope;

- **Narcotics and Drug Trafficking evidence**: packaging materials consistent with drug trafficking, two digital scales, and suspected crack cocaine and marihuana. The substances were subsequently analyzed by MSP's Forensic Science Division and consisted of 7.02 grams of cocaine base, 23.28 grams of cocaine, 6.34 grams of marihuana, and 69.46 grams of crack cocaine; and

- **U.S. Currency**: $1,145 cash.

8. I am familiar with CHARLES MILLER's criminal history. In April 2007, he was convicted of felony police officer assault/resist/obstruct, in the 56th Circuit Court of Michigan. In April 2009, he was convicted of felony possession of less than 25 grams of a controlled substance (cocaine, heroin, or another narcotic) in the 30th Circuit Court of Michigan, and was sentenced to nine months' imprisonment

9. On 23 January 2018, CHARLES MILLER was charged by complaint in the U.S. District Court for the Western District of Michigan, case number 18-MJ-11, with (1) delivering, possessing, training, or transporting an animal for participation in an animal fighting venture, and for using interstate instrumentalities for promoting or furthering that activity, in violation of 7 U.S.C. §§ 2156(b) and (c); (2) unlawful possession of a firearm as a felon, in violation of 18 U.S.C.

§ 922(g)(1); and (3) possession with intent to distribute 28 grams or more cocaine base (crack cocaine), a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii).

10. I conducted a cursory preliminary review of the Cellebrite forensic copy of data stored on MILLER's cellphone, looking for dog-fighting evidence. While doing so, I saw evidence of drug trafficking and photographs of firearms. For example, I recognized one of the phone numbers in the directory of MILLER's cellphone as being the number for MILLER's brother, Kian Miller. The number is listed under "Apk," and I know that Kian Miller operates a dog-fighting operation under the name "ActionP@cked Kennels."[1] On 13 April 2017, Kian Miller sent a text-message to CHARLES MILLER which states: "Yo let me get that collar for this pup and I need a bag." Based on my experience and training, I believe that "collar" refers to a weighted collar that is used to strengthen the necks of fighting dogs, and that "a bag" refers to a quantity of narcotics. A few days earlier, on 10 April 2017, Kian Miller had sent a text-message to CHARLES MILLER that stated, "Grab me a bag, out with this dog." Again, I believe "a bag" refers to a quantity of narcotics. Several months earlier, on 12 December 2016, and in the middle of a text-message exchange between CHARLES MILLER and Kian Miller about scheduling a dog fight, Kian asked CHARLES MILLER to, "Give Snoopy a 100 for me." Based on my experience and training, as well as the experience and training of other law enforcement officers with whom I have consulted, I believe that "a 100" is a reference to a quantity of narcotics that costs $100. Along with the foregoing, in the course of looking for evidence of dog-fighting I saw a thumbnail image of several handguns displayed together.

11. On advice of the U.S. Attorney's Office, I stopped examining MILLER's cellphone for evidence of dog fighting pending issuance of a search warrant that will expand my search authority to include examining the phone for evidence of drug trafficking and possession of firearms by a felon.

12. Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

Based on the foregoing, I submit there is probable cause that evidence of violations of 21 U.S.C. § 841, and 18 U.S.C. 922(g)(1) as particularly set out in Attachment B, will be found in the cellphone described in Attachment A, and I request that the Court issue a search warrant expanding the authority already given the Government to examine the phone for that evidence.

---

[1] Previously, Kian Miller provided this phone number to Ingham County Animal Control, and they used it to contact him on occasion. Kian Miller is presently charged by criminal complaint in this Court's case number 18-MJ-12 with delivering, possessing, training, or transporting an animal for participation in an animal fighting venture, and for using interstate instrumentalities for promoting or furthering that activity, in violation of 7 U.S.C. §§ 2156(b) and (c).